REILLY₀ v. CONNORS.

(Supreme Court, Appellate Division, Second Department.   November 15, 1901.)

CONTRACTS—DELAY IN PERFORMANCE—REMOTE DAMAGES.
    A house owner employed a contractor to put a heating apparatus into
    the house, and rented another house, which he was occupying, to third
    parties, intending to move when the heating plant was installed.   By
    reason of the contractor's delay, he was unable to deliver possession to
    his tenant at the time set, and lost certain rent.  Held that, in the ab-
    sence of special notice to the contractor of the agreement to rent, the
    owner could not recover the amount of such lost rent as damages for
    his delay, the damage being too remote.

    Appeal from municipal court, borough of Queens, Second district.
    Action by Elmore T. Reilly against William Connors.   From a
judgment for plaintiff in the municipal court, defendant appeals.
Affirmed.
    Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HIRSCHBERG, JJ.

    John J. Trapp, for appellant.
    Eugene V. Daly, for respondent.

    WILLARD BARTLETT, J.   In this action the plaintiff has recov-
ered the sum of $124 as a balance due for work done and materials
furnished in the performance of an oral contract for installing a
heating apparatus upon the premises of the defendant.   There was
a sharp conflict of evidence as to the terms of the contract, the plain-
tiff contending that the defendant agreed to pay $550 for the work,
and the defendant asserting that the total amount to be charged
was only $500.   The defendant also interposed a twofold counter-
claim, (1) alleging that he had been compelled to lay out $53.50 in
order to finish a portion of the contract work which the plaintiff
left uncompleted, and (2) alleging that he had suffered damage in an
additional sum of $50.   The first item of the counterclaim was liti-
gated, and upon that issue the jury must have found against the
defendant.   As to the second item, the defendant sought to prove
that he had intended to move out of the house which he occupied
into the premises where the heating apparatus was to be installed;
that he had rented that house to a third party; that he was pre-
vented from moving out and giving possession to that third party
by reason of the plaintiff's delay in completing the installation; and
that in consequence of this delay he had lost $50 rent, which he
would otherwise have received from the person to whom he had let
the house which he occupied.   It appeared, however, that no notice
of this agreement to rent had ever been given to the plaintiff, and
the judge who presided at the trial therefore excluded all further
evidence tending to establish this part of the counterclaim.
    It is manifest that this ruling was correct.   The alleged damages
were too remote to charge the plaintiff unless he had special notice
of the circumstances concerning the agreement to rent the defend-
ant's house, so that the contract could be held to have been made in
contemplation of those circumstances.   "The damages for which a

party may recover for a breach of contract are such as ordinarily and naturally flow from the nonperformance. They must be proximate and certain, or capable of certain ascertainment, and not remote, speculative, or contingent. It is presumed that the parties contemplate the usual and natural consequences of a breach when the contract is made, and if the contract is made with reference to special circumstances, fixing or affecting the amount of damages, such special circumstances are regarded within the contemplation of the parties, and damages may be assessed accordingly." Booth v. Rolling Mill Co., 60 N. Y. 487, 492. This is the principle laid down in the celebrated English case of Hadley v. Baxendale, 9 Exch. 341, that the damages must be such as were in the contemplation of the parties. In the numerous cases which might be cited, applying this principle to various sorts of contracts, it has uniformly been held that where the damages claimed are of an exceptional character, growing out of special circumstances, notice of those special circumstances must have been given to the party sought to be charged at the time when the contract was made in such a way as to enable the court to say that the possibility of a particular loss growing out of those circumstances was in the contemplation of the parties to the agreement.

There is no other question of law in the case. While there was a square conflict in the testimony upon the issues of fact, a careful reading of the stenographer's minutes satisfies me that there is no ground for interfering with the verdict as against the weight of evidence.

The judgment should therefore be affirmed.

Judgment of the municipal court affirmed, with costs. All concur.